**UNITED STATES of America**

v.

**Alexander C. NAZZARO.**

**Crim. No. 91–10070–S.**

United States District Court,
D. Massachusetts.

Oct. 30, 1991.

Elliot M. Weinstein, Boston, Mass., for Nazzaro.

Sharen Litwin, Asst. U.S. Atty., Boston, Mass., for U.S.

RULING OF LAW AND FINDING
BASED ON THE STIPULATION
OF THE PARTIES

SKINNER, District Judge.

The indictment in this case charges that on March 12, 1990, the defendant knowingly possessed five firearms after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). The defendant and the government stipulated as follow:

1. that the defendant possessed the five firearms at the time and place alleged in the indictment;

2. that the defendant had been convicted of three crimes punishable by imprisonment for more than one year, two in February and December of 1977 and one in October of 1978; and

3. that on March 12, 1990, the defendant possessed a valid Massachusetts Firearm Identification Card ("MFIC") which had been issued in or about October, 1977.

The defendant claims that possession of the MFIC effectively wipes out the prior convictions as predicates for prosecution under 18 U.S.C. § 922(g)(1) by virtue of the provisions of 18 U.S.C. § 921(a)(20). The parties seek a ruling of law on this issue.

Section 921(a)(20) provides that the convictions predicate to liability under § 922(g)(1) shall not include "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored.... unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms."

The defendant relies principally on *United States v. Erwin*, 723 F.Supp. 1285 (C.D.Ill.1989), *affirmed* 902 F.2d 510 (7th Cir.1990), which contains an exhaustive exegesis of § 921(a)(20) and its application to the law of Illinois. Among other things, the court in that case held that the primary inquiry was whether the right restored was a civil right under state law. The court

**2**

held that the right to possess firearms was guaranteed under the Constitution of Illinois, which was held to be broader than the right guaranteed in the Second Amendment to the United States Constitution. The court noted that the right to possess firearms is not a civil right under federal law.

 The law in Massachusetts follows the federal precedent: there is no constitutional right to possess firearms except in connection with the organization of a militia. *Commonwealth v. Davis*, 369 Mass. 886, 343 N.E.2d 847 (1976); *Chief of Police of Shelburne v. Moyer*, 16 Mass.App. 543, 453 N.E.2d 461, *review denied* 390 Mass. 1104, 456 N.E.2d 469 (1983). The statutory license is circumscribed by many conditions. *See generally* M.G.L. c. 140, § 121 *et seq.* Accordingly I conclude that possession of a firearm is not a civil right, applying the standard declared in *Erwin, supra,* to the Massachusetts law. Issuance of an MFIC is therefore not a restoration of a civil right.

In this case, furthermore, two of the predicate crimes occurred after the issuance to the defendant of his MFIC. The Commonwealth's failure to revoke the MFIC can hardly be called a restoration of anything. The fact that the defendant could have been issued an MFIC five years after the expiration of the sentences on his previous felonies does not alter the situation at all.

Accordingly I rule that the defendant's possession of an MFIC does not constitute the restoration of a civil right within the meaning of 18 U.S.C. § 921(a)(20). On the basis of the stipulation of facts entered into by the parties, I find the defendant GUILTY of the offense charged in the indictment.

The clerk shall forthwith assign a time for disposition.