UNITED STATES, Appellee,

v.

James CHAMBERS, Defendant,
Appellant.

No. 91–1956.

United States Court of Appeals,
First Circuit.

Heard May 7, 1992.

Decided May 29, 1992.

Charles P. McGinty, Federal Defender
Office, Boston, Mass., for defendant, appellant.

Elizabeth Keeley, Asst. U.S. Atty., with
whom Wayne A. Budd, U.S. Atty., Boston,
Mass., was on brief, for appellee.

Before BREYER, Chief Judge,
ALDRICH and COFFIN, Senior Circuit
Judges.

BREYER, Chief Judge.

A jury convicted James Chambers of six
counts of bank robbery, 18 U.S.C.
§ 2113(a), and the district judge sentenced
him to 216 months in prison and thirty-six
months of supervised release. Chambers
appeals his convictions, claiming that the
district court prejudiced his case when it
permitted a joint trial of the six counts,
under Fed.R.Crim.P. 8(a), and when it de-
nied his motion to sever the counts, under
Fed.R.Crim.P. 14. We find no error on the
part of the trial judge, and we affirm the
convictions.

■ The court permitted the counts to
be joined pursuant to Fed.R.Crim.P. 8(a),
which provides that

Two or more offenses may be charged in
the same indictment or information in a
separate count for each offense if the
offenses charged, whether felonies or
misdemeanors or both, are of the same
or similar character . . .

We review joinder under Rule 8(a) de novo,
as a question of law. *See United States v.
L'Allier,* 838 F.2d 234, 240 (7th Cir.1988).
In this case, we find that the similarities
among the six charged offenses are more
than adequate to meet the Rule's standard.
Each of the six robberies involved a similar
institutional victim—a federally insured

bank. All the robberies occurred in a short period, between May 1 and July 14, 1989, and in a limited area, the greater Boston area. The six tellers who were robbed testified at trial, and each described a similar *modus operandi* during the robberies, with the robber always wearing a hat or cap, always threatening violence with a bomb or gun, and always giving the teller a handwritten note demanding money in basically the same language. In such a case, involving similar counts, institutional victims, mode of operation and time period, joinder is proper. *See United States v. Gray*, 958 F.2d 9, 14 (1st Cir.1992).

Chambers insists that, even if joinder were not improper under Rule 8(a), he was severely prejudiced by the district judge's denial of his motion to sever under Fed.R.Crim.P. 14. That Rule provides, in relevant part:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses ... the court may order an election or separate trials of counts, ... or provide whatever other relief justice requires.

We review the district court's denial of this motion for abuse of discretion. *See United States v. Olivo–Infante*, 938 F.2d 1406, 1409 (1st Cir.1991). Chambers has failed to make a strong showing of prejudice. *See United States v. Font–Ramirez*, 944 F.2d 42, 45 (1st Cir.1991); *United States v. Scivola*, 766 F.2d 37, 41 (1st Cir.1985); *United States v. Clayton*, 450 F.2d 16, 18 (1st Cir.1971). He asserts that he was prejudiced by the fact that none of the bank tellers made an in-court identification of him, and that the jurors were therefore left to evaluate the counts collectively, and to cumulate evidence illegitimately on the various counts.

Each of the tellers, however, gave a similar general description of the robber which matched Chambers's appearance. Three of the tellers identified Chambers from surveillance photos taken during the robberies, and two of them picked his picture from photo line-ups prepared by law enforcement agents. Moreover, when the prosecution introduced four of the robber's notes to the tellers, it accompanied them with expert testimony that assessed each note separately. Experts from the Federal Bureau of Investigation identified the fingerprints on two of the recovered notes as Chambers's, and a handwriting expert, comparing the handwriting on the four notes with known samples of Chambers's writing, said they were all written by Chambers. Furthermore, the district judge was careful to instruct the jury that the prosecution had to prove each element of each count beyond a reasonable doubt, and that the jury was to consider the evidence on each count separately. *Cf. L'Allier*, 838 F.2d at 242.

Given the evidence and the instructions, there was no real danger that the jury would be confused or would illegitimately cumulate the evidence. *See Gray*, 958 F.2d at 14–15; *see also Clayton*, 450 F.2d at 19; *United States v. Johnson*, 820 F.2d 1065, 1071 (9th Cir.1987).

The convictions are

*Affirmed.*