January 28, 1993
 [Not for Publication]

 United States Court of Appeals
 For the First Circuit
 

No. 92-1448

 UNITED STATES,
 Appellee,

 v.

 ALEXANDER C. NAZZARO,
 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Walter Jay Skinner, U.S. District Judge]
 

 

 Before

 Torruella, Circuit Judge,
 
 Brown,* Senior Circuit Judge,
 
 and Stahl, Circuit Judge.
 
 

Elliot M. Weinstein for appellant.
 
Sharen Litwin, Assistant United States Attorney, with whom A.
 
John Pappalardo, United States Attorney, was on brief for appellee.
 
 

 

 
*Of the Fifth Circuit, sitting by designation. Judge Brown heard oral
argument in this matter, and participated in the semble, but did not
participate in the drafting or the issuance of the panel's opinion.
The remaining two panelists therefore issue this opinion pursuant to
28 U.S.C. 46(d).

 STAHL, Circuit Judge. Defendant-appellant Alexander
 

C. Nazzaro challenges his conviction for violating 18 U.S.C.

 922(g)(1), which makes it unlawful for any person "who has

been convicted in any court of a crime punishable by

imprisonment for a term exceeding one year . . . to . . .

possess in or affecting commerce, any firearm or ammunition .

. . " Although we affirm the conviction, we do so for

reasons different from those asserted by the district court.

 I.

 Prior Proceedings
 

 The relevant facts of this case are undisputed. On

March 12, 1990, agents from the Federal Bureau of Alcohol,

Tobacco and Firearms (BATF), Massachusetts State Police and

Barnstable (Mass.) Police Department executed a federal

search warrant at the Hyannis home of defendant's mother,

where defendant resided. The search yielded five firearms.1

 Nazzaro's subsequent indictment was predicated on the

following Massachusetts state court convictions, all of which

were punishable by imprisonment for more than one year:

 1. Assault and battery; Chelsea District Court;
 February 1977;

 2. Rape and assault and battery with a dangerous
 weapon; Suffolk Superior Court; December 1977;

 

1. The firearms at issue were two shotguns, two rifles and
one pistol.

 -2-
 2

 3. Assault and battery; Essex Superior Court;
October 1978.2

 The case was submitted to a bench trial, prior to

which both sides stipulated to defendant's possession of the

five firearms listed in the indictment and to his prior

convictions. In addition, the parties stipulated that

Nazzaro, at the time of his arrest, possessed a valid

Massachusetts Firearms Identification Card (FID), by which

the Commonwealth authorized him to possess in his home the

firearms at issue. See Mass. Gen. L. ch. 140, 129B.3
 

 Thus, the sole issue before the trial judge was the

efficacy of Nazzaro's defense, in which he sought refuge

 

2. Under Massachusetts law, only the December 1977, rape and
assault and battery with a dangerous weapon convictions--
number two, above--are considered felonies. See Mass. Gen.
 
L. ch. 265, 13A; Mass. Gen. L. ch. 274, 1. While the
other convictions are misdemeanors under Massachusetts law,
18 U.S.C. 921(a)(20)(B) provides that a state misdemeanor
is considered a "crime punishable by imprisonment for a term
exceeding one year" if it is punishable by more than two
years imprisonment. Under Massachusetts law, assault and
battery is punishable by a maximum term of two and one half
years, thus bringing the two state misdemeanors within the
purview of section 922(g)(1).

3. Nazzaro received his FID in October 1977, after his first
misdemeanor conviction, but prior to his felony convictions.
Under Mass. Gen. L. ch. 140, 129B, the misdemeanor
conviction had no legal effect on his ability to obtain the
FID, but it could have been revoked by the issuing authority-
-the Barnstable Police Department--after the felony
convictions. For reasons unknown, however, revocation never
occurred. In addition, the same statute prohibits a felon
from obtaining a FID within five years of conviction or
release from jail. There is no dispute that the five-year
firearm proscription had expired by the time of Nazzaro's
federal arrest and prosecution.

 -3-
 3

under the portion of 18 U.S.C. 921(a)(20) which provides

that:

 Any conviction which has been
 expunged, or set aside or for which
 a person has been pardoned or has
 had civil rights restored shall not
 be considered a conviction for
 purposes of this chapter, unless
 such pardon, expungement, or
 restoration of civil rights
 expressly provides that the person
 may not ship, transport, possess,
 or receive firearms.

Nazzaro argued that the provisions of Mass Gen. L. ch. 140, 

129B which allow a convicted felon to obtain a FID five years

after conviction or release from jail, and thereby possess a

firearm at home, when taken in conjunction with his

possession of a valid FID and the failure of authorities to

revoke same, constituted a "restoration of civil rights"

within the meaning of 18 U.S.C. 921(a)(20), thus taking his

convictions for rape and assault and battery with a dangerous

weapons--the Massachusetts felonies-- outside the reach of

federal firearms law. The trial court disagreed, ruling that

because possession of a firearm is not a "civil right" in

Massachusetts, defendant's possession of the FID and right to

possess the firearms at issue cannot constitute a

"restoration of civil rights." United States v. Nazzaro, 778
 

F. Supp. 1, 2 (D. Mass. 1991).

 II.

 Discussion
 

 -4-
 4

 We review de novo the district court's ruling on
 

Nazzaro's status. United States v. Chambers, 964 F.2d 1250
 

(1st Cir. 1992); See United States v. Haynes, 961 F.2d 50, 51
 

(4th Cir. 1992) (issue of whether defendant was a convicted

felon within the meaning of 18 U.S.C. 921(a)(20) and

922(g)(1) involves a purely legal determination). As noted

above, we affirm Nazzaro's conviction. A brief explanation

of our reasoning follows.

 As appellant's counsel essentially conceded at oral

argument, a panel of this court recently--and explicitly--

blocked the way to Nazzaro's putative safe haven. In United
 

States v. Ramos, 961 F.2d 1003 (1st Cir.), cert. denied, 113
 

S. Ct. 364 (1992), we were presented with, as we are here, a

federal "felon-in-possession" defendant among whose predicate

crimes were those categorized as misdemeanors under

Massachusetts law. We concluded that

 an individual convicted of a crime
 categorized as a misdemeanor under
 Massachusetts law, . . . does not
 by law forfeit any civil rights.
 Hence, the proper inquiry here is
 whether an individual residing in a
 jurisdiction which does not strip
 him or her of any civil rights as a
 collateral consequence of
 conviction should be deemed, as
 appellant urges, to have had his
 civil rights "restored" for
 purposes of 922(a)(1), after
 having served his/her sentence.
 Like the district court, we believe
 the answer is no.

Id. at 1008.
 

 -5-
 5

 As appellant's counsel recognized, this case is on

all fours with Ramos vis-a-vis appellant's Massachusetts
 

misdemeanor convictions.4 Nazzaro, like Ramos, was stripped

of no civil rights as a result of his misdemeanor

convictions. Thus, according to Ramos, Nazzaro could not have
 

had any such rights "restored" within the meaning of 18

U.S.C. 921(a)(20). Bound as we are by prior panel

decisions so closely on point, Fournier v. Best Western
 

Treasure Island Resort, 962 F.2d 126, 127 (1st. Cir. 1992),
 

we find, pursuant to 18 U.S.C. 922(g)(1), that appellant's

prior misdemeanors are "crimes punishable by imprisonment for

aterm exceedingoneyear."Accordingly,hisconvictionisaffirmed.5
 affirmed

 

4. We note that the potential legal effect of Nazzaro's
Massachusetts misdemeanor convictions was not extensively
argued before, nor relied on by, the trial court, and that we
rendered our decision in Ramos subsequent to those
 
proceedings. However, the parties stipulated to the
existence of those convictions, and where the key facts are
undisputed, we may affirm the district court by grouping
those facts "`along the [proper] matrix.'" Unites States v.
 
Nivica, 887 F.2d 1110, 1127 (1st Cir. 1989) (quoting United
 
States v. Mora, 821 F.2d 860, 869 (1st Cir. 1987)), cert.
 
denied, 110 S. Ct. 1300 (1990). Thus, we rely on Ramos, as
 
explained more fully, infra, n. 5.
 

5. We choose here to rely on Ramos rather than the district
 
court's "civil rights" analysis for two reasons. First, as
illustrated above, Ramos is indistinguishable from the case
 
at bar, and thus provides the most direct resolution to the
issue on appeal. Second, we are not entirely comfortable
with the district court's analysis of the interplay between
18 U.S.C. 922(g)(1) and 18 U.S.C. 921(a)(20). 
 Our concern stems from the fact that no other court
that has examined this oft-contested issue has used the
criterion of whether the state considers firearm ownership to
be a civil right as a ratio decidendi. Instead, many courts
 
have used a dual inquiry, initially determining whether the

 -6-
 6

 

felon's "political" civil rights--to vote, hold office, sit
on a jury, etc.--have been restored, and then examining
whether and to what extent such restoration curtails his
firearm privileges as a result of his felon status. See,
 
e.g., United States v. Driscoll, 970 F.2d 1472 (6th Cir.
 
1992), cert. denied, 61 U.S.L.W. 3498 (U.S. Jan. 13, 1993)
 
(No. 92-6132); United States v. Cardwell, 967 F.2d 1349 (9th
 
Cir. 1992); United States v. Dahms, 938 F.2d 131 (9th Cir.
 
1991); United States v. Traxel, 914 F.2d 119 (8th Cir. 1990);
 
United States v. Gomez, 911 F.2d 219 (9th Cir. 1990); United
 
States v. Cassidy, 899 F.2d 543 (6th Cir. 1990); United
 
States v. Coffman, 761 F. Supp. 1493 (D. Kan. 1991). This
 
method of analysis seems most consistent with the language of
section 921(a)(20) wherein the civil rights restoration does
not save a defendant if such restoration "expressly provides
that the person may not ship, transport, possess, or receive
firearms."
 The district court relied on United States v. Erwin,
 
723 F. Supp. 1285 (C.D. Ill. 1989), aff'd, 902 F.2d 510 (7th
 
Cir.), cert. denied, 111 S. Ct. 161 (1991), which does
 
question whether firearm ownership itself is a civil right.
However, that court's affirmative answer was not the
determinative factor in its final decision.
 Finally, we note that while Ramos held that some
 
affirmative state action is required to "restore" a felon's
civil rights, that case dealt with a Massachusetts
misdemeanant who never had any rights taken away. This
circuit has yet to decide what constitutes an affirmative
restoration, or what quantum of rights need be restored to
satisfy 18 U.S.C. 921(a)(20). Because we base our decision
today on Nazzaro's prior Massachusetts misdemeanors, we need
not address the impact of Nazzaro's prior Massachusetts
felonies. 

 -7-
 7