**UNITED STATES of America**

v.

**Edwin J. GUNN, Defendant.**

**Criminal Action No. 96–10055–WGY.**

United States District Court,
D. Massachusetts.

April 22, 1997.

---

George F. Gormley, Cambridge, MA, for defendant.

Ralph F. Boyd, Jr., Office of U.S. Attorney, Boston, MA, for U.S.

## MEMORANDUM

YOUNG, District Judge.

Prior to being sentenced as an armed career criminal under 18 U.S.C. § 924(e)(1) and (e)(2)(A)(ii) (the "Armed Career Criminal Act"), Edwin J. Gunn ("Gunn") moved to exclude three of his prior offenses from consideration under that Act. The Armed Career Criminal Act enhances the penalty imposed on a defendant who has three prior drug convictions under statutes which prescribe a maximum penalty of ten years or more in prison.[1] Gunn argued that three of his prior offenses did not fit within this sentence enhancement statute because, as a practical matter, these convictions occurred in the Massachusetts District Court where the maximum penalty Gunn could have received was only two and one-half years. This Court

denied Gunn's motion from the bench prior to imposing sentence.

## I. FACTS

On September 11, 1996, after a jury trial before this Court, Gunn was found guilty of being a felon in possession of a handgun in violation of 18 U.S.C. § 922(g)(1). Gunn's prior criminal history includes, among other convictions, three drug convictions (two in the Municipal Court of the City of Boston and one in the Roxbury District Court). Specifically, Gunn was convicted of possession with intent to distribute cocaine in 1991; distribution of cocaine in 1991; and possession with intent to distribute crack cocaine in 1994. All of these convictions were under Mass. Gen. L. ch. 94C, § 32A, a statute that carries a maximum penalty of 10 years in a state prison. Jurisdiction to try these offenses resides concurrently in the Massachusetts District Courts and the Massachusetts Superior Court. Mass. Gen. L. ch. 218, § 26. The consequences of forum selection are, however, significant. In the Superior Court, a defendant may—subject to the Superior Court sentencing guidelines—be sentenced to the maximum term provided by law. See Mass. Gen. L. ch. 211E, § 3. Pursuant to Mass. Gen. L. ch. 218, § 27, however, the District Court "may impose the same penalties as the [Massachusetts] [S]uperior [C]ourt for all crimes of which they have jurisdiction, except that they may not impose a sentence to *state prison* ...." (emphasis added) Accordingly, the District Court in each of the convictions mentioned above could only sentence Gunn to a maximum term of two and one-half years in a *house of corrections* or jail.[2]

## II. ANALYSIS

Under the Armed Career Criminal Act, a person who violates 18 U.S.C. § 922(g)(1)—

---

1. 18 U.S.C. 924(e) states:
   In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years ...

2. Under Massachusetts law, the distinction between a potential sentence in state prison and one in a house of corrections is significant. A felony in Massachusetts is a "crime punishable by death or imprisonment in the state prison." Mass. Gen. L. ch. 274, § 1. All other offenses are misdemeanors. *Id.*

the so-called felon in possession of a firearm statute—and has three previous convictions for serious drug offenses or violent felonies is subject to an enhanced penalty of a fine of not more than $25,000 and imprisonment for not less than fifteen years. See 18 U.S.C. § 924(e)(1). The term "serious drug offense" is defined as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Cocaine and crack cocaine are controlled substances within this statutory definition. 18 U.S.C. § 812 Schedule II(a)(4).

Gunn's Massachusetts convictions establish that he both possessed controlled substances with an intent to distribute and distributed a controlled substance. The only question that remains, therefore, is whether Gunn's convictions meet the statutory requirement of carrying a maximum penalty of ten years. Under the statute governing Gunn's convictions, Mass. Gen. L. ch. 94C, § 32A(a), the maximum term of imprisonment for a first offense is "in the state prison for not more than ten years, or in a jail or house of correction for not more than two and one half-years ..." For a second offense, the potential penalty is "a term of imprisonment in the state prison for not less than three nor more than ten years...." Mass. Gen. L. ch. 94C, § 32A(b).

Gunn argues that the three drug offenses are not predicate offenses under the Armed Career Criminal Act because once the district attorney made the prosecutorial choice to proceed against Gunn in a Massachusetts District Court, the maximum penalty for each offense which the court could impose was two and one half years and not the requisite ten years.[3]

Contrary to Gunn's argument, however, when determining whether an offense falls within the definition of a predicate offense under the Armed Career Criminal Act, this Court must look first to the statute and the potential penalties it imposes. Although this particular question is an issue of first impression in this Circuit, it is clear that the Armed Career Criminal Act creates a bright-line test for determining which offenses are to be counted as predicate offenses for enhancement purposes. "[T]he legislative history of the [Armed Career Criminal Act] shows that Congress generally took a categorical approach to predicate offenses." *Taylor v. United States,* 495 U.S. 575, 601, 110 S.Ct. 2143, 2159, 109 L.Ed.2d 607 (1990); *see also United States v. Bregnard,* 951 F.2d 457, 459 (1st Cir.1991) (recognizing "... a formal categorical approach applicable to the entire enhancement statute" and finding an assault and battery conviction to be a predicate offense). Indeed, the Supreme Court has stated that even though "[t]here was considerable debate over what kinds of offenses to include and how to define them, [ ] no one suggested that a particular crime might sometimes count towards enhancement and sometimes not, depending on the facts of the case." *Taylor,* 495 U.S. at 601, 110 S.Ct. at 2159. *Taylor* leads this Court to conclude that it makes no difference under the Armed Career Criminal Act that the government elected to pursue Gunn's drug offenses in a Massachusetts District Court. As the statutory language of Mass. Gen. L. ch. 94C, § 32A establishes that Gunn *could have* received at least ten years in state prison, these three drug offenses are predicate offenses under the Armed Career Criminal Act. See 18 U.S.C. § 924(e)(2)(A)(ii).

### III. *CONCLUSION*

For the foregoing reasons, this Court concluded that Gunn's three drug convictions are "serious drug offenses" within the meaning of the Armed Career Criminal Act. Accord-

---

**3.** As the 1991 and 1994 offenses were second and third drug offenses which carried a minimum mandatory three year state prison sentence, Mass. Gen. L. ch. 94C, § 32A(b), it appears that is was unlawful for the Massachusetts district attorney to charge Gunn in a Massachusetts District Court (and equally unlawful for the respective district courts to proceed to sentence him). It appears, however, that Gunn has waived any objection to proceeding in the District Court fora in view of the obvious benefits accruing to him from sentencing there.

ingly, this Court **DENIED** Gunn's motion to exclude the three drug convictions as predicate offenses.