**Gerard YANOVITCH, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. CIV. A. 97–12462–WGY.**

United States District Court, D. Massachusetts.

Dec. 29, 1997.

---

Gerard Yanovitch, Ray Brook, NY, Pro Se.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

This matter comes before the Court upon the petition of Gerard Yanovitch ("Yanovitch") for *habeas corpus* pursuant to 28 U.S.C. § 2255. The facts below were established at trial:

Following an altercation occurring outside a bar in South Boston, Yanovitch fired several pistol shots at Robert Viens, wounding him twice. Yanovitch and co-defendant Brian Smith ("Smith") were indicted on January 24, 1995 under 18 U.S.C. § 922(g)(1) for being felons-in-possession of a firearm (Count One), and being felons-in-possession of ammunition (Count Two). At trial, Yanovitch stipulated to being a felon previously convicted under Massachusetts law for possession of a firearm.[1] Although the jury convicted defen-

---

1. Although Yanovitch states in his petition that "the government would have to concede ... that the predicate conviction relied on by the government was petitioner's July 18, 1992 conviction, possession of a firearm," (Mem. of Law in Supp. Of Pet. To Vacate, Set Aside or Correct Petitioner's Conviction and Sentence Pursuant to 28 U.S.C. § 2255 at 32), it is not clear the July 18, 1992 conviction was the prior conviction to which Yanovitch stipulated. Yanovitch was, in fact, charged with the same offense less than a

year later. United States Magistrate Judge Swartwood noted in his detention order that "[o]n February 10, 1993 Yanovitch was convicted of possessing a firearm in the six person jury session of Boston Municipal Court and was committed for one year on that conviction." *See* Memorandum and Order on Government's Motion for a Detention, at 8.

The trial transcript does not clarify the issue, as no reference was made to the date of Yano-

dants on both counts, the Court required the prosecution to dismiss one count because of double jeopardy concerns. The government chose to retain the conviction under Count Two. Yanovitch was sentenced on July 19, 1995 to 78 months incarceration and three years supervised release for being a felon in possession of ammunition. Both Yanovitch and Smith appealed, and the First Circuit subsequently affirmed both the convictions and the sentences. *See United States v. Smith,* 101 F.3d 202 (1st Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1345, 137 L.Ed.2d 503 (1997).

On November 3, 1997, Yanovitch filed a motion seeking habeas corpus relief pursuant to 28 U.S.C. § 2255. Yanovitch raises three grounds: 1) that he received ineffective assistance of counsel, 2) that the prosecution failed to disclose favorable information, and 3) that he had no cognizable predicate felony to support his conviction under section 922(g)(1). Only the third point warrants discussion. The first two are but formulaic incantations that may properly be rejected out of hand.

■ In order to convict Yanovitch for being a felon in possession of ammunition under section 922(g)(1), the government had to establish the following elements: "1) the defendant was previously convicted of an offense punishable by imprisonment exceeding one year; and 2) he knowingly possessed a firearm in or affecting interstate commerce." *United States v. Melvin,* 27 F.3d 703, 704 n. 2 (1st Cir.1994), *cert. denied,* —— U.S. ——, 116 S.Ct. 1556, 134 L.Ed.2d 657 (1996).

A. *The Stipulation*

At trial, Yanovitch stipulated to being a convicted felon for the purposes of section

922(g)(1), thereby satisfying the first element of the felon-in-possession of ammunition offense. *See* (Tr. of Prelim. Jury Instructions, Opening Statements, and the Evidence, Vol. 2, at 36–37.) Now he wants to take back that stipulation.

■ The First Circuit has not specifically addressed whether a criminal defendant who stipulates to an element of an offense at trial can later claim that the stipulated element was not proven. In the context of civil cases, however, the First Circuit has indicated that "[i]n our judicial system, '[s]tipulations fairly entered into are favored.'" *TI Federal Credit Union* v. *DelBonis,* 72 F.3d 921, 928 (1st Cir.1995), *quoting Burstein v. United States,* 232 F.2d 19, 23 (8th Cir.1956). The Court of Appeals has also made it clear that once a stipulation is made in a civil suit, the parties are "not generally free to extricate themselves from those stipulations." *Id. See also Gaztambide Barbosa v. Gaztambide,* 776 F.Supp. 52, 57 (D.P.R.1991) ("Courts generally hold stipulations … binding for the purposes of trial").

Other circuits have addressed the issue of stipulations by a criminal defendant. The reasoning of the Ninth Circuit in *United States v. Hernandez,* 27 F.3d 1403 (9th Cir. 1994), *cert. denied,* 513 U.S. 1171, 115 S.Ct. 1147, 130 L.Ed.2d 1106 (1995), is particularly compelling. In *Hernandez,* an appellant convicted under section 922(g)(1) appealed his conviction on several grounds, including a claim that his stipulation to the predicate offense was "insufficient evidence to establish that he had been 'convicted of a crime punishable by more than one year.'" *Id.* at 1407. Although the Ninth Circuit ultimately

---

vitch's prior felony when he stipulated to this element of section 922(g)(1):

> THE COURT: [The parties] have given me a written stipulation …
>
> I understand that it's stipulated, among all the parties, that prior to the offenses alleged in this indictment, Gerard Yanovitch and Brian Smith had previously been convicted of a felony offense, each one of them, that is, a crime punishable by imprisonment for a term exceeding one year.
>
> So stipulated, Mr. Vein? [United States Attorney]
>
> MR. VIEN: Yes, your honor.

> THE COURT: Mr. Bruno? [counsel for Yanovitch]
>
> MR. BRUNO: Yes, your honor.
>
> THE COURT: Mr. Clifford? [counsel for Smith]
>
> MR. CLIFFORD: Yes, your honor.
>
> THE COURT: That's the stipulation. It's evidence. It's not disputed.
>
> (Tr. of Prelim. Jury Instructions, Opening Statements, and the Evidence, Vol. 2, at 36–37.)

It therefore appears that Yanovitch was convicted twice of possession of a firearm, both of which convictions would meet the predicate offense requirement under section 922(g)(1).

reversed the appellant's conviction, it explicitly rejected the appellant's claim concerning his stipulation. The court reasoned that if a mistake had been made at trial concerning the predicate offense, the appellant "had invited this error" through his pretrial stipulation because he knew that "the stipulation was intended to fulfill an element of § 922(g)(1)." *Id.* at 1407, 1408. The court therefore held that "[appellant's] stipulation to a prior felony was sufficient evidence to fulfill that element of § 922(g)(1)." *Id.* at 1408.

Likewise, the Fourth Circuit's opinion in *United States v. Muse*, 83 F.3d 672 (4th Cir.1996), *cert. denied,* — U.S. ——, 117 S.Ct. 261, 136 L.Ed.2d 186 (1996), also contains a relevant analysis of the effect of a criminal defendant's stipulation. In *Muse*, an appellant convicted under section 922(g)(1) brought an appeal in which one of his claims was that the trial court erroneously instructed the jury concerning his stipulation to the predicate offense. *Id.* at 677. In affirming the defendant's conviction, the Fourth Circuit discussed the "special nature of a factual stipulation" in a criminal case, *id.* at 678, and observed that "a valid stipulation relieves the prosecution of the burden of producing any other evidence in order to establish the fact stipulated." *Id.* at 679. The court reasoned that "stipulations exact a price from the defendant" whereby "a defendant may not argue at trial or on appeal that the stipulation is insufficient to prove beyond a reasonable doubt the facts or elements to which he has stipulated." *Id.*

The decisions of several other circuits are in accord with the holdings of *Hernandez* and *Muse* concerning the effects of a stipulation by a criminal defendant. *See, e.g., United States v. Branch*, 46 F.3d 440, 442 (5th Cir.1995) (holding that "[o]nce a stipulation is entered, even in a criminal case, the government is relieved of its burden to prove the fact which has been stipulated by the parties"); *United States v. Harper*, 460 F.2d 705, 707 (5th Cir.1972) (holding that where

"defense counsel stipulated in open court that the allegations contained in the indictment were true" those issues were no longer considered disputed); *United States v. Jones*, 108 F.3d 668, 674 (6th Cir.1997) (Ryan, J., concurring) (observing "[w]hen a defendant agrees to a fact stipulation, the government is relieved of its burden to prove the stipulated fact"); *Poole v. United States*, 832 F.2d 561, 564–65 (11th Cir.1987) (affirming the denial of habeas corpus relief to defendant and reasoning that "it is often wise" for defense counsel to stipulate to a "trivial and easily proven" element of a criminal offense whereby it is then unnecessary for the prosecution to prove that element), *cert. denied,* 488 U.S. 817, 109 S.Ct. 54, 102 L.Ed.2d 33 (1988). The short answer to Yanovitch's petition here is his stipulation to the predicate offense, a stipulation that prevented the government from introducing the certified copies of his prior convictions, *see Muse*, 83 F.3d at 678, and one which he may not simply ignore at this stage.

### B. *The Predicate Offense*

Alternatively, even had Yanovitch never entered into the stipulation, his argument that there was no valid predicate offense must fail.[2]

#### 1. Misdemeanor or Felony

■ Section 922(g)(1) makes it unlawful for "any person ... who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" to possess ammunition which has moved in interstate commerce. *See* 18 U.S.C. § 922(g)(1). According to 18 U.S.C. § 921(a)(20)(B), however, "any State offenses classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less" do not qualify as a predicate offense under section 922(g)(1). *See* 18 U.S.C. § 921(a)(20)(B).

Thus, to serve as a predicate offense, Yanovitch's conviction for possession of a fire-

---

2. Yanovitch has indicated that the predicate offense to which he stipulated at trial was possession of a firearm under Massachusetts law. *See* Yanovitch Aff., Oct. 28, 1997, ¶ 14. As discussed in note 1, Yanovitch was convicted on two occasions of possession of a firearm—on July 18, 1992, and again on February 10, 1993—though it is not clear to which particular conviction he stipulated at trial.

arm must be a felony in Massachusetts. *See* section 922(g)(1)(B) ("what constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held"). Possession of an unlicensed firearm is punishable "by imprisonment in the state prison for not less than two and one-half years," *see* Mass. Gen. L. ch. 269, § 10, and is therefore a felony in Massachusetts. *See* Mass. Gen. L. ch. 274, § 1. The fact that Yanovitch was sentenced by the Boston Municipal Court rather than the Superior Court[3] does not reduce his conviction from a felony to a misdemeanor. *United States v. Gunn,* 962 F.Supp. 214, 215–17 (D.Mass.1997). Likewise, for the purposes of the definition of a felony, it does not matter that Yanovitch was sentenced to only one year—nor is it of consequence that the sentence was imposed by a Municipal Court, since "[i]f the sentencing court had discretion to impose a term of incarceration of more than one year, then a defendant's crime is one 'punishable by imprisonment for a term exceeding one year.'" *United States v. Minnick,* 949 F.2d 8, 9 (1st Cir.1991), *cert. denied,* 503 U.S. 995, 112 S.Ct. 1698, 118 L.Ed.2d 408 (1992).

Therefore, this Court concludes that Yanovitch's July 18, 1992 conviction for possession of a firearm was a felony in Massachusetts and that it qualifies as "a crime punishable by imprisonment for a term exceeding one year" for the purposes of serving as a predicate offense under § 922(g)(1).

2. Restoration of Rights

■ Yanovitch suggests in his habeas petition that he "suffered no loss of civil rights as the result of the predicate conviction," thereby disqualifying his prior felony conviction as a predicate offense under section 922(g)(1). *See* Mem. of Law in Supp. of Pet. To Vacate, Set Aside or Correct Petitioner's Conviction and Sentence Pursuant to 18 U.S.C. § 2255 at 36; *see also* 18 U.S.C. § 921(a)(20)(B)

(1976 & Supp.1997). Yanovitch misreads the statute.

In *United States v. Estrella,* 104 F.3d 3 (1st Cir.1997), *cert. denied,* —— U.S. ——, 117 S.Ct. 2494, 138 L.Ed.2d 1001 (1997), a defendant found guilty under section 922(g)(1) for being a felon-in-possession of a firearm appealed, claiming that his civil rights had been restored under Massachusetts law. *Id.* at 4. In affirming the appellant's conviction, the First Circuit held that "to meet the test of section 921(a)(20), each of the three core civil rights must be substantially, but not perfectly, restored." *Id.* at 6. The *Estrella* court defined these core civil rights as "the rights to vote, to hold public office, and to serve on a jury." *Id.* at 5–6.

Because "[i]n Massachusetts, a convicted felon does not lose the right to vote," *id.* at 6, Yanovitch never lost this civil right. Likewise, since Yanovitch was no longer incarcerated at the time of his section 922(g)(1) offense, he was entitled to hold public office at that time and therefore also possessed this right. However, as the Court of Appeals observed in *Estrella,* "Massachusetts disqualifies from jury service any person who 'has been convicted of a felony within the past seven years.'" *Id.,* quoting Mass. Gen. L. ch. 234A, § 4(7). Both Yanovitch's felony convictions for possession of firearms occurred within seven years of his section 922(g)(1) offense; he was therefore disqualified from jury service at that time. This core civil right was therefore not restored for the purposes of the § 921(a)(20)(B) exception. As Yanovitch was barred from jury service at the time of his § 922(g)(1) offense, he did not fall under section 921(a)(20)(B)'s exception for felons whose civil rights are restored. More important, even if he had, his right to possess firearms is nonetheless sufficiently impacted by his felony convictions as to make this exception inapplicable to him. *United States v. Estrella,* 104 F.3d

---

**3.** *See* 8 Opp. Att'y Gen. 343 (1927) ("The fact that jurisdiction of the case was exercised by a district or municipal court judge, who has no authority to commit to State Prison but must fix one of the lesser forms of punishment ... does not affect the nature of the crime, which falls within the statutory definition of a felony"); *see also Commonwealth v. Graham,* 388 Mass. 115, 122 n. 3, 445 N.E.2d 1043 (Mass.1983) (citing 8 Opp. Att'y Gen. 342–44 [1927] for the same proposition).

22

at 7–8; *United States v. Caron*, 64 F.3d 713, 717–18 (1st Cir.1995) (*en banc* ).

### 3. *United States v. Indelicato*

Yanovitch claims in his section 2255 petition that the predicate conviction relied upon by the government in prosecuting him for being a felon-in-possession was rendered "invalid" by a change in First Circuit law subsequent to his trial. *See* (Mem. of Law in Supp. of Pet. To Vacate, Set Aside or Correct Petitioner's Conviction and Sentence Pursuant to 28 U.S.C. § 2255 at 36.) Yanovitch relies on *United States v. Indelicato*, 97 F.3d 627 (1st Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1013, 136 L.Ed.2d 890 (1997), in which the Court of Appeals revisited the issue of "whether the 'civil rights restored' provision of section 921(a)(20) protects one who . . . never had his civil rights taken away at all." *Id.* at 629. Although the Court of Appeals had previously held in *United States v. Ramos*, 961 F.2d 1003, 1007–10 (1st Cir. 1992), that rights never taken away cannot have been "restored," the court subsequently changed its position in *Indelicato* and held that a "[defendant's] civil rights, to the extent that they were never taken away, should be treated as 'restored' for the purposes of the federal statute." *Indelicato*, 97 F.3d at 631.

Yanovitch's reliance on *Indelicato* is, however, misplaced. In *Indelicato*, the district court had erroneously allowed the prosecution to use the appellant's prior misdemeanor conviction as a predicate offense under section 922(g)(1). Because a misdemeanor conviction did not cause the appellant to lose any of his civil rights, the Court of Appeals ruled that his civil rights were 'restored' for the purposes of the section 921(a)(20) exception. *See id.* at 631. Yanovitch's case is therefore easily distinguishable from *Indelicato*, as Yanovitch's predicate offense was 1) clearly a Massachusetts felony that, 2) caused him to lose his core civil right to serve on a jury at the time of his 922(g)(1) offense.

Thus, the change in First Circuit law announced in *Indelicato* has no application to Yanovitch's situation.

### 4. The Firearm Identification Card

■ Yanovitch indicates in his habeas petition that he continues to possess a valid Massachusetts Firearms Identification Card and thus his prior Massachusetts convictions are of no consequence to the Commonwealth and ought not count as predicate convictions. *See* Mem. of Law in Supp. of Pet. To Vacate, Set Aside or Correct Petitioner's Conviction and Sentence Pursuant to 28 U.S.C. § 2255 at 35. This argument has already been considered and rejected in the First Circuit. *Caron*, 64 F.3d at 717–18. *See also United States v. Nazzaro*, 778 F.Supp. 1 (D.Mass. 1991), *aff'd,* 985 F.2d 552 (1st Cir.1993) (unpublished), where a defendant charged under section 922(g)(1) argued unsuccessfully that "possession of the MFIC [Massachusetts Firearms Identification Card] effectively wipes out the prior convictions as predicates for prosecution under 18 U.S.C. § 922(g)(1) by virtue of the provisions of 18 U.S.C. § 921(a)(20)." *Id.* at 1. Reasoning that "[t]he Commonwealth's failure to revoke the MFIC can hardly be called a restoration of anything," the court held that "possession of an MFIC does not constitute the restoration of a civil right within the meaning of 18 U.S.C. § 921(a)(20)." *Id.* at 2.

### C. *Conclusion*

For all of these reasons, the petition of Gerard Yanovitch for *habeas corpus* relief ought be, and hereby is, DENIED without hearing, as it plainly appears Mr. Yanovitch is not entitled to relief. Rule 4(b) of the Rules Governing Proceedings Pursuant to 28 U.S.C. § 2255.