[NOT FOR PUBLICATION]

United States Court of Appeals
For the First Circuit


No. 97-1498

UNITED STATES,

Appellee,

v.

EDWIN GUNN, a/k/a GREGORY GUNN,
a/k/a GREGORY WELLS,

Defendant - Appellant.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge] 



Before

Torruella, Chief Judge, 

Bownes, Senior Circuit Judge, 

and Stahl, Circuit Judge. 



George F. Gormley, by appointment of the Court, with whom 
John D. Colucci and Gormley & Colucci, P.C. were on brief for 
appellant.
Donald L. Cabell, Assistant United States Attorney, with 
whom Donald K. Stern, United States Attorney, was on brief for 
appellee.



February 10, 1998


Per Curiam. Defendant-appellant Edwin J. Gunn was Per Curiam. 

indicted for being a felon in possession of a firearm and of

ammunition, both in violation of 18 U.S.C. 922(g)(1), and was

convicted of possessing the firearm. At sentencing, the district

court found Gunn to be an armed career criminal, as defined in 18

U.S.C. 924(e), and sentenced him to 216 months in prison and a

five-year term of supervised release. Gunn now appeals both his

conviction and his sentence. We affirm.

Gunn first argues that his conviction should be set

aside because the government failed to establish that he

possessed the firearm "in or affecting commerce." 18 U.S.C. 

922(g). He contends that, under the test enunciated by the

Supreme Court in United States v. L pez, 514 U.S. 549 (1995), 

Congress's exercise of its Commerce Clause power can only reach

activities that involve the use of the channels of interstate

commerce, instrumentalities of interstate commerce, or activities

that substantially affect interstate commerce. Noting that the

only evidence adduced at trial as to the firearm's connection

with interstate or foreign commerce was that the firearm was

manufactured in Argentina, Gunn concludes that this evidence

failed to establish that his mere possession of the gun

substantially affected interstate commerce.

This first argument fails because the government does

not need to prove that Gunn's possession of a firearm

substantially affected commerce. We have repeatedly held that,

after L pez, "it remains the law that where a federal criminal 

-2-

statute contains a jurisdictional element requiring proof that an

object was 'in or affecting' commerce, the government need only

meet the 'minimal nexus' test enunciated in Scarborough v. United 

States, 431 U.S. 563, 577 (1977)." United States v. Cardoza, 129 

F.3d 6, 11 (1st Cir. 1997); see also United States v. Smith, 101 

F.3d 202, 215 (1st Cir. 1996), cert. denied, U.S. , 117 S. 

Ct. 1345 (1997); United States v. Blais, 98 F.3d 647, 649 (1st 

Cir. 1996), cert. denied, U.S. , 117 S. Ct. 1000 (1997); 

United States v. D az-Mart nez, 71 F.3d 946, 953 (1st Cir. 1995). 

The minimal nexus test is satisfied by evidence that the firearm

was manufactured in a state or country other than the one in

which the firearm was possessed; it does not require that the

defendant be the person to have transported the firearm across

state lines, or that the defendant be otherwise involved in the

"in or affecting commerce" aspect of the case. Scarborough, 431 

U.S. at 577. The evidence provided by the government at trial

was sufficient to establish the required minimal nexus.

Gunn also claims that the district court erred in

sentencing him as an "armed career criminal," which is defined

under 18 U.S.C. 924(e)(1) as "a person who violates section

922(g) . . . and has three previous convictions . . . for a . . .

serious drug offense," because his three prior drug convictions

did not qualify as "serious drug offense[s]." Under 18 U.S.C.

924(e)(2)(A)(ii), a "serious drug offense" is defined as "an

offense under State law, involving . . . possessing with intent

to . . . distribute, a controlled substance, . . . or which a

-3-

maximum term of imprisonment of ten years or more is prescribed

by law." Even though his three prior convictions were for

violations of Mass. Gen. Laws ch. 94C, 32A, which carries a

maximum penalty of ten years in state prison, Gunn argues that

the convictions were not for "serious drug offenses" because he

was prosecuted for those offenses in certain lower courts that

lacked competence to sentence him to the ten-year maximum

sentence.

We reject this argument and affirm Gunn's sentence for affirm

the reasons expressed in the district court's memorandum of

decision. See United States v. Gunn, 962 F. Supp. 214 (D. Mass. 

1997).

-4-