USCA1 Opinion

 

 [NOT FOR PUBLICATION] United States Court of Appeals For the First Circuit ____________________ No. 97-1498 UNITED STATES, Appellee, v. EDWIN GUNN, a/k/a GREGORY GUNN, a/k/a GREGORY WELLS, Defendant - Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Bownes, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ _____________________ George F. Gormley, by appointment of the Court, with whom __________________ John D. Colucci and Gormley & Colucci, P.C. were on brief for _______________ ________________________ appellant. Donald L. Cabell, Assistant United States Attorney, with _________________ whom Donald K. Stern, United States Attorney, was on brief for ________________ appellee. ____________________ February 10, 1998 ____________________ Per Curiam. Defendant-appellant Edwin J. Gunn was Per Curiam. ___________ indicted for being a felon in possession of a firearm and of ammunition, both in violation of 18 U.S.C. 922(g)(1), and was convicted of possessing the firearm. At sentencing, the district court found Gunn to be an armed career criminal, as defined in 18 U.S.C. 924(e), and sentenced him to 216 months in prison and a five-year term of supervised release. Gunn now appeals both his conviction and his sentence. We affirm. Gunn first argues that his conviction should be set aside because the government failed to establish that he possessed the firearm "in or affecting commerce." 18 U.S.C.  922(g). He contends that, under the test enunciated by the Supreme Court in United States v. L pez, 514 U.S. 549 (1995), ______________ _____ Congress's exercise of its Commerce Clause power can only reach activities that involve the use of the channels of interstate commerce, instrumentalities of interstate commerce, or activities that substantially affect interstate commerce. Noting that the only evidence adduced at trial as to the firearm's connection with interstate or foreign commerce was that the firearm was manufactured in Argentina, Gunn concludes that this evidence failed to establish that his mere possession of the gun substantially affected interstate commerce. This first argument fails because the government does not need to prove that Gunn's possession of a firearm substantially affected commerce. We have repeatedly held that, after L pez, "it remains the law that where a federal criminal _____ -2- statute contains a jurisdictional element requiring proof that an object was 'in or affecting' commerce, the government need only meet the 'minimal nexus' test enunciated in Scarborough v. United ___________ ______ States, 431 U.S. 563, 577 (1977)." United States v. Cardoza, 129 ______ _____________ _______ F.3d 6, 11 (1st Cir. 1997); see also United States v. Smith, 101 ________ _____________ _____ F.3d 202, 215 (1st Cir. 1996), cert. denied, ___ U.S. ___, 117 S. ____________ Ct. 1345 (1997); United States v. Blais, 98 F.3d 647, 649 (1st ______________ _____ Cir. 1996), cert. denied, ___ U.S. ___, 117 S. Ct. 1000 (1997); ____________ United States v. D az-Mart nez, 71 F.3d 946, 953 (1st Cir. 1995). _____________ _____________ The minimal nexus test is satisfied by evidence that the firearm was manufactured in a state or country other than the one in which the firearm was possessed; it does not require that the defendant be the person to have transported the firearm across state lines, or that the defendant be otherwise involved in the "in or affecting commerce" aspect of the case. Scarborough, 431 ___________ U.S. at 577. The evidence provided by the government at trial was sufficient to establish the required minimal nexus. Gunn also claims that the district court erred in sentencing him as an "armed career criminal," which is defined under 18 U.S.C. 924(e)(1) as "a person who violates section 922(g) . . . and has three previous convictions . . . for a . . . serious drug offense," because his three prior drug convictions did not qualify as "serious drug offense[s]." Under 18 U.S.C. 924(e)(2)(A)(ii), a "serious drug offense" is defined as "an offense under State law, involving . . . possessing with intent to . . . distribute, a controlled substance, . . . or which a -3- maximum term of imprisonment of ten years or more is prescribed by law." Even though his three prior convictions were for violations of Mass. Gen. Laws ch. 94C, 32A, which carries a maximum penalty of ten years in state prison, Gunn argues that the convictions were not for "serious drug offenses" because he was prosecuted for those offenses in certain lower courts that lacked competence to sentence him to the ten-year maximum sentence. We reject this argument and affirm Gunn's sentence for affirm the reasons expressed in the district court's memorandum of decision. See United States v. Gunn, 962 F. Supp. 214 (D. Mass. ___ _____________ ____ 1997). -4-