**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**JAN 31 2000**

**PATRICK FISHER**
**Clerk**

EDWIN J. GUNN,

      Petitioner - Appellant,

vs.

J.W. BOOKER, United States
Penitentiary, Leavenworth,

      Respondent - Appellee.

No. 99-3345
(D.C. No. 99-CV-3320-RDR)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

---

Mr. Gunn, an inmate appearing pro se, appeals from the denial of his 28
U.S.C. § 2241 motion.  He was convicted on a jury verdict of being a felon in
possession of a firearm, 18 U.S.C. § 922(g)(1), and was sentenced as an armed
career criminal, 18 U.S.C. § 924(e).  See United States v. Gunn, 962 F. Supp. 214
(D. Mass. 1997).  His conviction and sentence were upheld by the First Circuit in

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1 (G).  The cause is therefore ordered submitted without oral argument.

<u>United States v. Gunn</u>, No. 97-1498, 1998 WL 60404 (1st Cir. Feb. 10, 1998).

Mr. Gunn then sought relief through two § 2255 motions which were denied.  In

the current § 2241 appeal, he claims, as he did on direct appeal, that he had not

committed a felony (as defined by Massachusetts law) for purposes of his 18

U.S.C. § 922(g)(1) conviction.  We affirm.

§ 2255 is the exclusive remedy for testing the validity of a judgment and

sentence, unless there is a showing that such remedy is inadequate or ineffective.

<u>See</u> <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996).  Mr. Gunn has not

alleged any way in which § 2255 was an inadequate or ineffective avenue for

testing his conviction.  Therefore, his § 2241 motion must fail and he has failed to

establish any grounds warranting a successive § 2255 motion.  <u>See</u> 28 U.S.C.

§ 2244.

AFFIRMED.  Mr. Gunn's motion to amend is denied.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge