**UNITED STATES of America, Plaintiff,**

v.

**Richard A. HAYNES, Defendant.**

**Crim. No. A:91–00125.**

United States District Court,
S.D. West Virginia,
Parkersburg Division.

June 26, 1991.

---

William J. Powell, Asst. U.S. Atty., Charleston, W.Va., for plaintiff.

Hunt L. Charach, Federal Public Defender, Charleston, W.Va., for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

On June 25, 1991, came the Defendant, Richard A. Haynes, by and through his counsel, Hunt L. Charach, Federal Public Defender, and came also the Government by William J. Powell, Assistant United States Attorney, for a hearing on the Defendant's and the Government's pretrial motions previously filed in this action. Upon consideration of the parties' motions, memorandum in support thereof and the arguments of counsel as more fully set forth on the record, the Court ruled, *inter alia*, as follows:

1. Granted Defendant's motion for disclosure of all exculpatory evidence.

2. Granted the Defendant's motion for early production of Section 3500 (*Jencks*) material and upon agreement of the Government and the Defendant, ordered the Government to produce the same on or before 1:00 p.m. on the last Thursday before the trial.

3. Granted the parties' motion to inspect and copy of the jury questionnaires.

4. Denied the Defendant's motion to dismiss. The Court held that *W.Va.Code,* § 61–7–7 should be applied to the Defendant prospectively inasmuch as Section 61–7–7 was enacted in July of 1989 and the Defendant was allegedly in possession of a firearm on November 11, 1990.

On November 11, 1990, in Jackson County, West Virginia, the Defendant allegedly possessed a firearm notwithstanding his previous felony conviction on December 3, 1979, in the Circuit Court of Jackson County, West Virginia, of grand larceny and his conviction on September 20, 1982, in the Circuit Court of Putnam County, West Virginia, for grand larceny. On April 23, 1991, the federal grand jury sitting at Charleston returned an indictment against the Defendant charging him with violations of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On January 8, 1986, the Defendant was discharged from parole and the Department of Corrections issued an Official Certificate of Discharge stating that "all civil rights heretofore forfeited are restored." The Defendant argues that because the West Virginia Department of Corrections restored his "civil rights" by way of an official certificate of discharge on January 8, 1986, that his convictions identified in the indictment are not convictions contemplated by 18 U.S.C. § 922(g)(1). However, a careful review of the legislative intent, the statutory and judicial authority, reveals that the Defendant's argument is without merit.

At the time of the Defendant's discharge, *W.Va.Code,* § 61–7–7 (which criminalizes the possession of a firearm by a convicted felon, unless the felon has successfully petitioned the state court for relief) did not yet exist. Section 61–7–7 was enacted in 1989 by the West Virginia Legislature. Similarly, 18 U.S.C. § 922(g) did not exist in its present form at the time of the Defendant's discharge from parole. 18 U.S.C.App. § 1203, which was part of the original Title VII of the Omnibus Crime Control and Safe Streets Act of 1968, was in effect at the time of the Defendant's discharge from parole. Section 1203 only exempted felons from federal violations when previously pardoned for the underlying conviction. 18 U.S.C.App. § 1202(a)(1), also part of Title VII, made it unlawful for a convicted felon to receive or possess a firearm in commerce or affecting commerce. These two federal statutes were controlling when the Defendant received his official certificate of discharge, on January 8, 1986. These two sections were repealed and recodified at 18 U.S.C.

§§ 921(a)(20) and 922(g) as of November 15, 1986. As of January 8, 1986, the date that the Defendant received his Official Certificate of Discharge, West Virginia's Legislature had no reason to enact any statute specifically dealing with felons in possession as there was no need to do so under §§ 1202 and 1203, now the former federal law. It was only after the effective date of § 921(a)(20) that West Virginia needed to address a statute regarding felons in possession.

The Government argues that the Defendant's certificate of discharge did nothing for him with respect to any rights to possess firearms as a convicted felon and that it does nothing for him now. The Court agrees. At the time of the discharge, the Defendant remained under the reach of § 1203 because he was not pardoned; the certificate did nothing to change that.

In *U.S. v. McLean*, 904 F.2d 216 (4th Cir.1990), *cert. denied*, — U.S. ——, 111 S.Ct. 203, 112 L.Ed.2d 164 (1990), the Court was faced with almost the identical issue now raised by this Defendant. Though the facts in *McLean* are slightly different than the facts in the instant case, the Court of Appeals held that it must look beyond the language of the certificate allegedly restoring the civil rights of a defendant and examine "the whole of state law." *McLean*, 904 F.2d at 218. The Court stated: "[t]he intent of Congress was to give effect to state reforms with respect to the question of an ex-convict. A narrow interpretation requiring that we look only to the document, if any, evidencing a restoration of rights, would frustrate the intent of Congress that we look to the whole of state law, including state law concerning a convicted felon's firearms privileges." *Id.* at 218, quoting *U.S. v. Cassidy*, 899 F.2d 543, 548 (6th Cir.1990). The intent of Congress in implementing § 921(a)(20) must be construed to give effect to state reforms with respect to the status of an ex-convict. *Id.* at 218.

Since it was only after the effective date of § 921(a)(20) that West Virginia needed to implement a statute regarding felons in possession, the Court concludes that *W.Va.*

*Code*, § 61-7-7, enacted in 1989, precludes this Defendant from possessing a firearm. In order to give full effect to the federal and West Virginia legislative intent, the Court will not permit the Defendant to bootstrap himself into a status of non-felon which was not the reality at the time of his discharge. Therefore, the Court holds that *W.Va.Code*, § 61-7-7 will be applied to the Defendant prospectively, since § 61-7-7 was effective prior to the Defendant's alleged possession of a firearm on November 11, 1990.

5. Granted Defendant's motion for disclosure of grand jury material. Pursuant to *Rule* 6(e)(3)(C)(i) of the Federal Rules of Criminal Procedure, the Court directs the United States to turn over the appropriate portions of the grand jury testimony to Defendant's counsel.

6. Granted the Defendant's motion for disclosure of all *Rule* 16 material.

For the purposes of computing time excludable pursuant to 18 U.S.C. § 3161(h)(1)(F), the Court finds excludable the time from June 4, 1991, through June 25, 1991.

The Clerk is directed to send a copy of this Order to counsel of record, the United States Marshal for the Southern District of West Virginia and the Probation Office of this Court.