UNITED STATES of America,
Plaintiff–Appellee,

v.

Henry B. McBRYDE,
Defendant–Appellant.

No. 90–5213.

United States Court of Appeals,
Fourth Circuit.

Argued June 7, 1991.

Decided July 12, 1991.

John Herman Hare, Asst. Federal Public Defender, Columbia, S.C., for defendant-appellant.

Alfred William Walker Bethea, Jr., Asst. U.S. Atty., Florence, S.C., argued (E. Bart Daniel, U.S. Atty., Florence, S.C., on the brief), for plaintiff-appellee.

Before PHILLIPS and SPROUSE, Circuit Judges, and MERHIGE, Senior District Judge for the Eastern District of Virginia, sitting by designation.

## OPINION

PHILLIPS, Circuit Judge:

Henry McBryde appeals his conviction for possession by a state-convicted felon of three firearms in violation of 18 U.S.C. § 922(g)(1). Although McBryde admits that he possessed the firearms, he argues that his firearms possession was not a federal crime as defined in § 922(g)(1), because the state conviction upon which its criminality depended had been effectively voided as a "conviction" by the provisions of 18 U.S.C. § 921(a)(20). We agree, and reverse.

## I

Under § 922(g)(1), it is a federal crime for a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; ... to ... possess in or affecting commerce, any firearm...." This general rule is qualified by 18 U.S.C. § 921(a)(20), which provides:

What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

McBryde has not disputed that he knowingly possessed three firearms that had been transported in interstate commerce. Nor has he disputed that on September 6, 1983, in the Superior Court of Anson County, North Carolina, he was convicted of insurance fraud, a crime punishable by imprisonment for more than one year. His sole defense has been that upon completion of his probationary sentence for this offense in 1985, he received from North Carolina a certificate restoring his civil rights which did not "expressly provide[ ] that he [might] not ship, transport, possess, or receive firearms." This fact, he claimed, brought him under the provision of § 921(a)(20), which made his insurance fraud conviction no longer a conviction for purposes of § 922(g)(1), so that an essential element of that offense could not be proven. On this basis, he moved to dismiss the indictment. The district court denied the motion. McBryde entered a conditional plea of guilty, and took this appeal.

## II

As the parties agree, the only issue is whether under § 921(a)(20), the restoration of McBryde's civil rights by North Carolina made his admitted predicate state conviction for insurance fraud no longer a predicate conviction for purposes of § 922(g)(1), so that he could not properly be convicted under the latter statute.

The government makes a number of legal arguments about the intended meaning of these two statutes considered in combination which, if accepted, would make § 921(a)(20) of no help to McBryde, but we find none of them persuasive. As we read the statutes, their meaning in combination is plain: (1) It is a federal crime for a person who earlier has been convicted of a crime punishable by imprisonment for more than a year to, among other things, possess a firearm, 18 U.S.C. § 922(g)(1), *but* (2) a conviction otherwise qualifying as a predicate conviction under § 922(g)(1) is not to

be considered a conviction for purposes of that statute if, among other things, the person convicted has had his civil rights that were lost by that conviction restored by the state, *unless* (3) the restoration "expressly provides that the person may not ship, transport, possess, or receive firearms," 18 U.S.C. § 921(a)(20).

By the interplay of these statutes, McBryde's insurance fraud conviction, which admittedly qualified as a predicate conviction when imposed, no longer did so *if* the state's conceded restoration of his civil rights meets the requirements of § 921(a)(20). That, we think, is the only fairly arguable question on this appeal.

The certificate evidencing the nature of the state's restoration of rights reads as follows:

FOR CONVICTED FELONS ONLY—

RESTORATION OF RIGHTS

Pursuant to Section 13–1 of the General Statutes of North Carolina, all rights of citizenship which were forfeited on conviction are by law automatically restored with the exception of the right to own, possess, receive, buy or otherwise acquire firearms of any description. This right is precluded under Title VII, Sections 1201–1202 of the "Omnibus Crime Control and Safe Streets Act of 1968". Relief from this Act may be obtained by contacting the Director, Bureau of A.T.F., Atlanta, Georgia.

At the time this certificate was issued in 1985, the referenced federal law made it a crime, without regard to what state law might say about the firearms-privileges of its ex-felons, for such persons to possess firearms without express federal authorization. But this flat, independent prohibition of federal law was repealed in 1986, and § 921(a)(20) was enacted specifically to "defer[ ] to state law with respect to the federal firearms privileges of persons convicted in that state," *United States v. McLean,* 904 F.2d 216, 218 (4th Cir.1990), quoting *United States v. Cassidy,* 899 F.2d 543, 549 (6th Cir.1990).

From these statutory developments, considered in relation to the sequence of his receipt of the state's certificate of restoration and his later federal indictment, McBryde contends that the certificate's exception of the right to possess firearms could only have been intended as a prudential warning by the state that federal firearms law at that time was not affected by the state's action. That this was the intended effect of the exception, he argues, is supported by the explicit reference to federal law, which at the time of the certificate's issuance criminalized firearms possession and trafficking independently of state law's treatment of firearms offenses and privileges.

This argument is based on our decision in *United States v. McLean,* 904 F.2d 216 (4th Cir.1990). The district court in *McLean* had found that the certificate restoring civil rights to McLean, which was similar to the certificate in the present case, only warned McLean of then-existing federal law, and did not amount to the state's express prohibition against possessing firearms. The district court therefore dismissed the indictment against McLean for violation of § 922(g)(1). We reversed. While we agreed that the certificate itself did not operate as a matter of state law to prohibit the possession of firearms, we adopted the Sixth Circuit's view that courts must look to the whole of state law rather than only to the certificate itself to determine whether the state intended, notwithstanding the general restoration of civil rights, to prohibit a particular ex-convict's possession of firearms. *Id.* at 218. *See also Cassidy,* 899 F.2d at 546. In looking at "the whole of state law" in *McLean,* we found that under the North Carolina Felony Firearms Act, McLean, who had been convicted of multiple drug offenses, was an ex-felon prohibited by the state Act from carrying a handgun, *id.* at 218–19, and that in consequence, he did not come under the saving provision of § 921(a)(20).

It is undisputed in this case, however, that the North Carolina Felony Firearms Act does not currently prohibit and did not at the time of McBryde's conviction of the insurance fraud offense prohibit the pos-

session of firearms as a consequence of such a conviction. This critically differentiates the instant case from *McLean* under the latter's rationale. For in that case we noted that "[i]f we were faced with deciding the validity of an indictment of an ex-felon for possessing firearms as allowed under the North Carolina Felony Firearms Act, we might reach a different result." *Id.* at 219 n. 4. Here, we are faced with such a situation, and we do reach that different result by holding that McBryde, unlike McLean, could not, by reason of § 921(a)(20), properly be indicted under § 922(g)(1). By virtue of § 921(a)(20), he could not, as a consequence of the restoration of his civil rights in 1985, any longer be considered "convicted" of the predicate crime which is an element of the offense defined in § 922(g)(1).

Accordingly, we reverse and remand with directions to dismiss the indictment.

REVERSED.