**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Richard A. HAYNES, Defendant–
Appellant.**

**No. 91–5681.**

United States Court of Appeals,
Fourth Circuit.

Argued March 6, 1992.

Decided April 6, 1992.

George H. Lancaster, Jr., Asst. Federal Public Defender, Charleston, W.Va., argued, for defendant-appellant.

R. Brandon Johnson, Asst. U.S. Atty., Charleston, W.Va., argued (Michael W. Carey, U.S. Atty., William J. Powell, Asst. U.S. Atty., on brief), for plaintiff-appellee.

Before PHILLIPS and MURNAGHAN, Circuit Judges, and RAMSEY, Senior U.S. District Judge for the District of Maryland, sitting by designation.

---

## OPINION

MURNAGHAN, Circuit Judge:

The defendant, Richard A. Haynes, was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (1986). Following indictment for the crime, Haynes made a motion to dismiss on June 4, 1991. The district court denied the motion. On July 15, 1991, Haynes pled guilty, pursuant to a plea agreement, wherein he reserved his right to appeal the district court's denial of his motion to dismiss. He has exercised that right by bringing the instant appeal.

### I.

On November 11, 1990, in Jackson County, West Virginia, Haynes, who had previously been convicted of grand larceny, was found in possession of a firearm. The conviction for grand larceny was punishable by imprisonment for a term exceeding one year. Haynes possessed the firearm approximately five years after he had received a certificate, in January of 1986, discharging him from parole on the grand larceny charge and restoring his civil rights.

Haynes filed a motion to dismiss the indictment charging him with being a felon in possession of a firearm, arguing that his discharge from parole restored his civil rights, including the right to possess a firearm. The district court denied the motion. 785 F.Supp. 574.

### II.

■ We review *de novo* the district court's determination of whether the defendant was a convicted felon, within the meaning of 18 U.S.C. §§ 921(a)(20) and 922(g)(1), because it involves a purely legal determination. *See United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989).

■ Haynes was convicted of violating 18 U.S.C. § 922(g)(1), which provides, *inter alia:*

It shall be unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any fire arm or ammunition which has been shipped or transported in interstate or foreign commerce.

In determining what constitutes conviction "of a crime punishable by imprisonment for a term exceeding one year," 18 U.S.C. § 921(a)(20) provides:

What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. *Any conviction* which has been expunged, or set aside or *for which a person* has been pardoned or *has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess or receive firearms.*

(Emphasis added).

Since Haynes' civil rights were restored when he was discharged from parole on January 8, 1986, and since his certificate of discharge did not contain an express limitation on his right to possess a firearm, Haynes has maintained that his prior conviction cannot serve as a predicate for conviction under section 922(g)(1) of being a felon in possession of a firearm. Haynes has argued that the conclusion further is dictated by the fact that West Virginia law did not prohibit his possession of firearms at the time that his civil rights were restored.

The government, in contradiction, has argued that at the time of his discharge from parole, the defendant was prohibited from possessing a firearm under federal law. The government has admitted that the federal statute later was repealed and was not in effect at the time that Haynes was arrested for possession of the firearm. However, the government has attempted to bootstrap its argument by relying on the fact that West Virginia subsequently passed a statute making it a misdemeanor

for previously convicted felons to carry a firearm. *See* W.Va.Code § 61–7–7 (1989). Despite the fact that section 61–7–7 was not in effect at the time that Haynes' civil rights were restored, the government has insisted that prosecution of Haynes as a felon in possession of a firearm is appropriate because the statute was in effect at the time that Haynes was arrested for carrying the firearm.

The government has contended that our decision in *United States v. McLean*, 904 F.2d 216 (4th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 203, 112 L.Ed.2d 164 (1990), controls the instant appeal. But the instant case is unlike *McLean* in several important respects. Most significantly, unlike the *McLean* case, West Virginia law at the time of Haynes' restoration of civil rights did not prohibit a convicted felon from possessing a firearm. Additionally, unlike the discharge certificate at issue in *McLean* which contained language suggesting that the possession of a firearm was not permitted, Haynes' certificate of discharge merely states "This is to certify that Richard A. Haynes is hereby discharged from parole and *any or all civil rights heretofore forfeited are restored.*" (Emphasis added). No limitation on the possession of firearms, express or otherwise, is listed on Haynes' certificate of discharge.

These differences render the present appeal more analogous to *United States v. McBryde*, 938 F.2d 533 (4th Cir.1991). In *McBryde*, we held that sections 921(a)(20) and 922(g)(1), when read together, provided that

(1) It is a federal crime for a person who earlier has been convicted of a crime punishable by imprisonment for more than a year, to among other things, possess a firearm, 18 U.S.C. § 922(g)(1), *but* (2) a conviction otherwise qualifying as a predicate conviction under 922(g)(1) is not to be considered a conviction for purposes of that statute if, among other things, the person convicted has had his civil rights that were lost by the conviction restored by the state, *unless* (3) the restoration "expressly provides that the person may not ship, transport, possess,

or receive firearms," 18 U.S.C. § 921(a)(20).

938 F.2d at 534–35 (emphasis in original). North Carolina law in effect at the time of McBryde's conviction (and in effect at the time that McBryde possessed the firearm) did not prohibit McBryde from possessing a firearm. *Id.* at 535. Accordingly, we held that McBryde's certificate of discharge, which was virtually identical to the certificate of discharge in the *McLean* case, did not expressly prohibit McBryde from possessing a firearm, and that McBryde fell within the statutory exception and his prior conviction could not serve as a predicate conviction under section 922(g)(1). *Id.* at 535–36.

The instant appeal differs from the *McBryde* case in only one significant respect, namely that West Virginia law was amended, *after* Haynes' conviction for larceny but before Haynes was arrested for possession of a firearm, to make it a misdemeanor for a convicted felon to possess a firearm. W.Va.Code § 61–7–7. Thus, the issue becomes whether section 61–7–7 can be applied in the instant case to serve as a limitation on the defendant's prior restoration of civil rights, so as to render him not subject to the exception contained in section 921(a)(20).

Haynes has argued that relying on section 61–7–7 to provide a limitation on the restoration of his rights amounts to a retrospective application of section 61–7–7. Yet West Virginia law provides that "A statute is presumed to be prospective in its operation unless expressly made retrospective." W.Va.Code § 2–2–10(bb). While West Virginia no doubt could pass laws subsequent to the discharge of a felon from parole affecting the felon's legal status, nonetheless section 921(a)(20) is clear in its mandate that a prior felony conviction for which civil rights have been restored *may not* serve as a predicate conviction for section 922(g)(1) *unless* the "restoration of civil rights expressly provides that the person may not ship, transport, possess or receive firearms." West Virginia's subsequent enactment of section 61–7–7 does not alter the fact that section 921(a)(20) exclud-

ed the defendant from the definition of a convicted felon for purposes of section 922(g)(1).

It is undisputed that Haynes' restoration of civil rights contained no express limitation on his right to possess firearms. Rather the certificate clearly stated that "any and all" civil rights were thereby restored. It is also undisputed that section 921(a)(20) was intended " 'to give effect to state reforms with respect to the status of an ex-convict' and accordingly, in determining whether [West Virginia] has restored the civil rights of a convicted felon, we must examine the whole state law." *McLean,* 904 F.2d at 218 (quoting *United States v. Cassidy,* 899 F.2d 543, 548 (6th Cir.1990)). It is clear that at the time that Haynes' civil rights were restored, it was not against West Virginia law for a convicted felon to possess a firearm. Accordingly, when we refer to the whole of West Virginia law in effect at the time that Haynes' civil rights were restored, we find no state law limitation on the defendant's ability to carry a firearm. Thus, since his restoration of civil rights contained no limiting language and since West Virginia law did not provide such a prohibition, we find that, under section 921(a)(20), the defendant's prior conviction cannot serve as a predicate for conviction under section 922(g)(1). Our decision today comports with our prior holding in *United States v. McBryde,* 938 F.2d 533 (4th Cir.1991). *Accord United States v. Traxel,* 914 F.2d 119, 123–25 (8th Cir.1990).

A case raising essentially the same question as the one here confronted, *United States v. Ball,* 958 F.2d 369 (4th Cir.1992), reached the same conclusion as the one we have come to. It is only because the opinion in *Ball* was unpublished, and, therefore, not precedential authority, that we have written in detail.

Accordingly, we reverse Haynes' conviction of being a felon in possession of a firearm and vacate his sentence.

*REVERSED.*