7 F.3d 227
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Linwood JOHNSON, Defendant-Appellant.
 No. 92-6937.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 14, 1993.
Decided: October 12, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Norman P. Ramsey, Senior District Judge. (CR-89-266-R, CA-92-843-R)
 Anthony R. Gallagher, Acting Federal Public Defender, Beth M. Farber, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, Geoffrey R. Garinther, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before PHILLIPS, WILKINSON, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Michael Linwood Johnson appeals from the district court's order denying his 28 U.S.C. § 2255 (1988) motion. According to Johnson, the sentencing court erroneously considered his 1969 Maryland conviction for daytime housebreaking, for which his civil rights had been partially restored,[1] as a felony conviction for purposes of 18 U.S.C.A. § 924(e) (West Supp. 1993). Based on this Court's recent decision in United States v. Metzger, No. 92-6941, 1993 U.S. App. LEXIS 21, 880 (4th Cir. Aug. 30, 1993), we find Johnson's argument to be without merit and affirm the district court's denial of his § 2255 motion.[2]
 
 I.
 
 2
 A jury convicted Johnson of possession of ammunition by a felon, in violation of 18 U.S.C.A. § 922(g)(1) (West Supp. 1993). Based on his three previous Maryland convictions for violent felonies,[3] the district court invoked the mandatory enhanced penalty provision of § 924(e) and sentenced Johnson to fifteen years imprisonment. This Court affirmed Johnson's conviction on direct appeal. United States v. Johnson, No. 90-5790, 1991 U.S. App. LEXIS 5615 (4th Cir. Apr. 8, 1991) (unpublished), cert. denied, 60 U.S.L.W. 3263 (U.S. 1991).
 
 
 3
 Johnson now contends that Maryland's restoration of his rights to vote and hold public office[4] after the completion of his term of imprisonment for the 1969 conviction precluded consideration of that conviction as one of the three predicate felony convictions for purposes of § 924(e). The district court denied Johnson's § 2255 motion, finding that the 1969 conviction was properly counted as a predicate felony offense.
 
 II.
 
 4
 The Government acquiesces that whether Johnson's 1969 conviction constituted a felony conviction for purposes ofs 924(e) is a question of law subject to de novo review. United States v. Haynes, 961 F.2d 50, 51 (4th Cir. 1992).
 
 
 5
 The mandatory minimum fifteen year term of imprisonment under § 924(e)(1) applies to any person who violatess 922(g)(1) and has three prior convictions for violent felonies or serious drug offenses. A felony conviction, as that phrase is used in § 922(g)(1) and § 924(e)(1), is determined according to the law of the jurisdiction in which that conviction is secured. 18 U.S.C.A. § 921(a)(20) (West Supp. 1993). However, a felony conviction for which a person's civil rights have been restored is excluded under this statutory definition, unless the restoration "expressly provides that the person may not ship, transport, possess, or receive firearms." Id.
 
 
 6
 Civil rights-those rights that stem from a person's state citizenship-include the rights to vote, serve on a jury, and hold public office. Metzger, 1993 U.S. App. LEXIS 21,880, at * 6, slip op. at 4. The restoration of civil rights must be substantial, as determined by an examination of "the whole of state law, including state law concerning a convicted felon's firearm privileges." United States v. McLean, 904 F.2d 216, 218 (4th Cir.) (quoting United States v. Cassidy, 899 F.2d 543, 548 (6th Cir. 1990)), cert. denied, 498 U.S.875 (1990). The Metzger Court, concurring with the Sixth Circuit's decision in United States v. Driscoll, 970 F.2d 1472 (6th Cir. 1992), cert. denied, 61 U.S.L.W. 3498 (U.S. 1993), found that Michigan's statutory disqualification of convicted felons from jury service was a sufficient basis "to preclude a finding of the substantial restoration of civil rights necessary to satisfy § 922(a)(20) and to avoid a § 921(g) conviction." Metzger, 1993 U.S. App. LEXIS 21, 880, at * 11, slip op. at 6.
 
 
 7
 In this case, in addition to prohibiting convicted felons from serving on juries, Md. Cts. & Jud. Proc. Code Ann. § 8-207(b)(5) (Supp. 1992), Maryland prohibits persons convicted of crimes of violence from possessing pistols or revolvers,[5] Md. Ann. Code art. 27, § 445(c) (Repl. Vol. 1992). See United States v. Burns, 934 F.2d 1157, 1161 (10th Cir. 1991) (Kansas law prohibiting convicted felons from possessing, within five years of release from imprisonment, any firearm with a barrel length of less than twelve inches precluded finding that felon's civil rights had been substantially restored for purposes of § 921(a)(20)), cert. denied, 60 U.S.L.W. 3581 (U.S. 1992). Under Metzger, regardless of the restoration of Johnson's right to vote and hold elective office, the restrictions on jury service and pistol and revolver possession are sufficient to preclude a finding that Johnson's civil rights were substantially restored after the completion of his prison term for the 1969 conviction. Hence, Johnson's civil rights were never restored for purposes of § 921(a)(20), the sentencing court properly considered that conviction under § 924(e), and the district court correctly denied Johnson's § 2255 motion.
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 In 1974, Maryland amended its voting statutes to restore the right to vote to pardoned felons and first-time offenders who had served their sentences of imprisonment. Md. Ann. Code art. 33,ss 3-4(c) (Repl. Vol. 1990); State v. Broadwater, 563 A.2d 420, 423 (Md. 1989) (noting statutory distinction between voting rights of first-time and repeat offenders)
 
 
 [2]
 We also grant Johnson's motion to file a pro se supplemental brief, although our review of his brief reveals no merit therein
 
 
 [3]
 In addition to Johnson's daytime housebreaking conviction, the district court considered his 1978 manslaughter and 1982 armed robbery convictions
 
 
 [4]
 In Maryland, qualification to hold public office turns on one's ability to register to vote. Md. Ann. Code art. 33, § 4A-1(a) (Repl. Vol. 1990); Broadwater v. State, 510 A.2d 583 (Md. 1986). Hence, upon the registration to vote, pardoned felons and first-time offenders who have completed their sentences have the right to run for or hold public office
 
 
 [5]
 Maryland defines pistols or revolvers as "any firearm with barrel less than twelve inches in length." Md. Ann. Code art. 27, § 441(c) (Repl. Vol. 1992). Housebreaking is included within Maryland's statutory definition of "crime of violence." Md. Ann. Code art. 27, § 441(e) (Repl. Vol. 1992)