**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4549

MICHAEL O'NEAL,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-97-332)

Submitted: December 15, 1998

Decided: January 12, 1999

Before NIEMEYER and MICHAEL, Circuit Judges, and HALL,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Carl C. Muzi, Richmond, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, David T. Maguire, Assistant United States
Attorney, Robert H. Burger, Third-Year Law Student, Richmond,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael O'Neal appeals his conviction after a jury trial of possession with intent to distribute cocaine base, in violation of 18 U.S.C. § 2 (1994) and 21 U.S.C. § 841(a)(1) (1994), and being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 2, 922(g)(1) (1994). We affirm.

The Government's evidence at trial showed that officers from the Richmond Police Department arrived at a residential building to execute a warrant "round-up." The two-story building contained four apartments, two on each floor. The apartment for which the warrant was issued was the second floor apartment on the left of the building. Upon arrival, Officers Bartley and Moore went around to the back of the building to ensure no one attempted to escape from the apartment. After giving Bartley and Moore time to get into location, Officers Mihalcoe and Castillo entered the building through the front door and proceeded upstairs to the left side apartment. The officers knocked on the door twice before a female voice inquired as to the identity of the officers. About fifteen seconds after this, Betty Wilkerson opened the door and upon request, gave the officers her consent to enter the apartment. During the officers' conversation with Wilkerson, no one crossed behind her and there was no movement in the apartment.

Upon entry into the apartment, Mihalcoe went to the room directly to his left and discovered Tyrone Coleman, from whom he obtained identification. Meanwhile, as Castillo stood next to Wilkerson by the apartment's front door, O'Neal, a black male, walked out of a back room on the right side of the apartment. At about the same time O'Neal walked out of the back right room, Castillo received a radio transmission from Bartley, who was surveilling the back of the building. Bartley informed Castillo that someone had just thrown something from the second floor, back window.

2

While Bartley was behind the building for approximately two to three minutes, she heard a window open and a heavy object hit the ground. Bartley went to retrieve the object and discovered a revolver directly beneath the window. The only other object beneath the window was an empty soda can, which could not have made the noise Bartley heard. As Bartley retrieved the revolver, she saw a black hand extend from the same window, push aside the curtain, and drop out more items. These additional items were identified as ziplock bags containing cocaine base, a plastic bottle containing more ziplock bags with cocaine base, and a ziplock bag containing powder cocaine. After Bartley retrieved all the items, she radioed Castillo that someone had thrown items from the second floor, back window. Bartley then entered the building to verify from which window the objects had been thrown. She verified that the window was in the second-floor left-side apartment and was in the same room from which Castillo observed O'Neal exiting. The window was still open.

Upon receipt of the radio transmission from Bartley, Castillo asked O'Neal if anyone else had been in the room with him, and O'Neal responded "no." Castillo then took O'Neal back to the room and verified that no one else was in the room. O'Neal told Castillo his name was "Jason Smith." After Castillo read O'Neal his rights, O'Neal changed his story and stated that there had been someone else in the room with him who could have thrown the items out of the window and then jumped out. However, O'Neal could not identify this other person, nor did Bartley see or hear anyone jump out the window. A later search of O'Neal revealed two beepers and a Western Union money order receipt listing "Jason Smith" as the sender.

O'Neal first contends that there was insufficient evidence to support either his conviction for possession with intent to distribute cocaine base or his conviction for being a convicted felon in possession of a firearm. The standard of review for sufficiency of the evidence is de novo, and the court must consider the evidence in the light most favorable to the government. See United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868). If "`any rational trier of fact could have found the essential elements of the crime [charged] beyond a reasonable doubt,'" then the verdict must be

upheld. See United States v. Johnson, 54 F.3d 1150, 1153 (4th Cir. 1995) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

Here, there was ample evidence to support O'Neal's conviction for possession with intent to distribute cocaine base. The evidence established that O'Neal was the only person in the back right bedroom of the apartment at the time Bartley saw a hand throw out multiple ziplock bags of cocaine base and powder cocaine, showing O'Neal's knowing possession of the drugs. Further, O'Neal stipulated prior to trial that the cocaine and cocaine base thrown from the window were meant for distribution rather than personal use. The evidence was sufficient to sustain O'Neal's conviction on this ground. See 21 U.S.C. § 841(a)(1); Burgos, 94 F.3d at 873.

Likewise, there was sufficient evidence to support O'Neal's conviction for being a convicted felon in possession of a firearm. As above, O'Neal was the only person in the room at the time the firearm was thrown from the window, indicating his possession of the firearm. To the extent that O'Neal contends the Government failed to show he was a convicted felon, the Government introduced O'Neal's arrest record from Florida, indicating that O'Neal had three prior felony convictions in that state: for possession of cocaine; battery of a police officer; and resisting an officer with violence. The Government also called the West Palm Beach police officer who had arrested O'Neal on the Florida charges to identify O'Neal as the person convicted of the three crimes, and to identify each as a felony under Florida law. Further, prior to trial the Government moved for judicial notice that the Florida convictions were felony convictions and provided the court with the applicable Florida statutes indicating that each conviction was in fact punishable by a term of imprisonment for a term exceeding one year. The court, also relying on its knowledge of Florida law, took judicial notice that each conviction was for a felony. The evidence was sufficient to support O'Neal's conviction on this ground. See 18 U.S.C. §§ 921(a)(20), 922(g)(1); United States v. Haynes, 961 F.2d 50, 51 (4th Cir. 1992).

O'Neal lastly contends that the court erred by taking judicial notice that his three prior convictions each constituted a felony under Florida law. A federal court may take judicial notice of state law. See United States v. Anderson, 782 F.3d 908, 917 (11th Cir. 1986); Hardy-

4

Latham v. Wellons, 415 F.2d 674, 677 n.2 (4th Cir. 1968). The district court had a copy of O'Neal's conviction record, as well as copies of the necessary Florida statutes indicating that the crimes for which O'Neal was convicted were each punishable by a term of imprisonment exceeding one year. The court thus did not abuse its discretion by taking judicial notice that O'Neal's Florida convictions were felony convictions. See United States v. Martinez , 962 F.2d 1161, 1168-69 (5th Cir. 1992); Wellons, 415 F.2d at 677 n.2.

Accordingly, we affirm O'Neal's convictions. We deny O'Neal's motion for oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5