**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4379**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

REGINALD DESHAWN STURDIVANT,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Dever III,
District Judge.  (5:06-cr-00242-D)

_____

Submitted:  December 19, 2007     Decided:  January 15, 2008

_____

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Vidalia Patterson, Research and
Writing Specialist, Raleigh, North Carolina, for Appellant. George
E. B. Holding, United States Attorney, Anne M. Hayes, Banumathi
Rangarajan, Assistant United States Attorneys, Raleigh, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginald Deshawn Sturdivant was named in a one-count indictment charging that, after having been convicted of a crime punishable by a term of imprisonment exceeding one year, he did knowingly possess, in and affecting commerce, a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2000). Sturdivant requested a bench trial to preserve the issue of whether his state conviction qualified as a felony under federal law for purposes of adjudging him as a felon in possession of a firearm. Sturdivant stipulated to the possession of the firearm and the interstate nexus. He also did not contest introduction of the state court transcript of his guilty plea to the state conviction. Sturdivant received a 5-6 month sentence for the state offense. Based on Sturdivant's state felony drug conviction and this court's decision in United States v. Harp, 406 F.3d 242 (4th Cir. 2005), the district court found him guilty of possession of a firearm by a felon. Sturdivant received a 46-month sentence and timely noted an appeal. We affirm.

The question of whether an individual has previously been convicted of a felony is a legal determination that we review de novo. United States v. Haynes, 961 F.2d 50, 51 (4th Cir. 1992). Sturdivant's sole argument on appeal is that, because he could not have been sentenced to more than one year for the 2005 drug conviction under the North Carolina structured sentencing scheme,

his offense was not "punishable by imprisonment for a term exceeding one year." According to Sturdivant, the legal determination of whether a conviction is punishable by imprisonment for a term exceeding one year is directly impacted by developing case law, beginning with Apprendi v. New Jersey, 530 U.S. 466 (2000), and culminating with United States v. Booker, 543 U.S. 220 (2005). Sturdivant asserts that those cases define the parameters of the Sixth Amendment's guarantee of a trial by jury as applied to sentence-enhancing facts, whether characterized as offense elements or sentence elements.

Under the North Carolina structured sentencing scheme, Sturdivant received a sentence in the presumptive range for his 2005 drug conviction. Because the offense was a Class I felony, the aggravated minimum sentence Sturdivant could have received under the structured sentencing tables was twelve months' imprisonment. See N.C. Gen. Stat. § 15A-1340.17(c), (d) (1999). At sentencing for the current federal offense, however, the district court found Sturdivant's 2005 conviction was punishable by more than one year, based on the maximum sentence that could be imposed for that crime upon *any* defendant. In other words, the district court concluded that the offense was punishable by more than one year based on the maximum aggravated sentence of fifteen months that could be imposed under the North Carolina structured sentencing scheme for a defendant with the worst criminal history

category. This, Sturdivant argues, is precisely what is prohibited by Apprendi, Blakely v. Washington, 542 U.S. 296 (2004), and Booker. He claims the aggravating factors are considered elements of the offense after the line of Supreme Court cases and therefore finding a crime a felony based on the upper end of a possible sentence for any defendant is unconstitutional.

Sturdivant's argument is foreclosed by our decision in Harp. In Harp, the defendant argued that one of his Armed Career Criminal Act predicate convictions (possession with intent to distribute marijuana, a Class I felony) did not qualify as a "crime punishable by more than one year" because the maximum "non-aggravated punishment is only twelve months." Harp, 406 F.3d at 245, 246. Declining to apply an "individualized analysis," the court held that "to determine whether a conviction is a crime punishable by a prison term exceeding one year . . . we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. at 246.

Sturdivant contends that this interpretation mandates an increase in punishment based not on the defendant's actual criminal history, but the potential criminal history of any person in the class of people who committed the same crime as the defendant. Despite Sturdivant's argument to the contrary, the law in this Circuit is settled by Harp. Because the statutory maximum penalty

for Sturdivant's prior offense exceeded one year of imprisonment, the offense was a felony under 21 U.S.C. § 841(b)(1)(A) (2000) warranting the enhanced sentence. We therefore affirm the conviction.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED